IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DAVID SHELTON, JR.,**

    **Plaintiff,**

v.                                              **Civil Action No. 5:19-CV-00809**

**SANTANDER CONSUMER USA,**

    **Defendant.**

### O R D E R

Pending before the Court is ***Santander Consumer USA Inc.'s Motion to Dismiss Plaintiff's Complaint*** and accompanying ***Memorandum in Support*** of same (ECF Nos. 8, 9). By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 3). Having examined Plaintiff's Complaint (ECF No. 2), the undersigned has concluded that Plaintiff fails to allege facts that support jurisdiction or a claim for which relief can be granted in this matter and therefore respectfully recommends that Defendant's ***Motion to Dismiss*** be granted for the reasons stated *infra*.

### Procedural History

On November 13, 2019, Plaintiff, acting *pro se*[1], filed a Complaint asserting federal question jurisdiction for damages related to "identity theft fraud" because on September 25, 2015 Defendant "used my personal information to finance a vehicle from a car dealership (Howerton Honda)", specifically, a 2014 Nissan Maxima, without Plaintiff's consent. (ECF No. 2, at 4, 5)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff further alleges that he advised Defendant "3 mths after transaction that this was not my debt or responsibility." (Id. at 6) On December 16, 2019, Defendant filed its Motion to Dismiss and Memorandum in support of same. (ECF Nos. 8, 9) On December 27, 2019, Plaintiff filed a response, entitled "Statement to the Court" as well as an Affidavit with copies of information concerning the subject vehicle from the West Virginia Division of Motor Vehicles and a Raleigh County personal property tax statement. (ECF No. 11) On December 30, 2019, Defendant filed its Reply in further support of its Motion to Dismiss. (ECF No. 12) Accordingly, this matter is fully briefed and ready for resolution.

### Defendant's Argument in Support of Dismissal

Defendant argues two primary grounds that support its argument for dismissal: first, Plaintiff fails to state a claim that arises under federal law, therefore, this Court lacks jurisdiction over this civil action; second, Plaintiff's action is based on fraud, and under West Virginia law, the statute of limitations for a cause of action or fraud is two years, and since Plaintiff alleges that he advised Defendant of the transaction "3 mths" (ECF No. 2 at 6) after the September 25, 2015 transaction, Plaintiff had until at latest December 25, 2017 to bring his claim, thus this claim is time-barred. (ECF No. 9)

### Plaintiff's Response

Plaintiff asserts that he never applied for a loan, did not approve the use of his personal information for the processing of this loan, did not agree to be a guarantor for the loan, and believes the use of his personal information in approving this loan violates West Virginia law. (ECF No. 11 at 2) Plaintiff states that once he learned of the loan, he immediately informed Defendant that he did not purchase the vehicle and informed Defendant many times afterwards. (Id.) Plaintiff further states his request concerning this "adverse information is still ignored" and remains on his

2

personal records maintained by the West Virginia Division of Motor Vehicles and Raleigh County Courthouse Tax Department as well as by the three credit reporting agencies, Equifax, Experian, and Trans Union, as a negative status that diminishes Plaintiff's credit. (Id.) Plaintiff has suffered embarrassment and financial hardship as a result of this. (Id.) Plaintiff further requests the Court's pardon regarding the statute of limitations, however, this was an "unjust and illegal act" committed against him resulting in great harm. (Id.)

Plaintiff further explains that the 2014 Nissan Maxima was purchased and financed in his name at John Howerton Honda at 252 Auto Plaza Drive, Beckley, WV 25810. (Id. at 3) Plaintiff states the vehicle was issued a West Virginia temporary registration with the number NUS333 in December 2015. (Id.) Plaintiff asks the Court to subpoena all documents and contracts pertaining to this loan; he never had the opportunity to examine them. (Id. at 4)

Plaintiff attaches what appears to be a West Virginia Division of Motor Vehicles record indicating that "David Shelton" with an Alderson address is the title owner of the subject vehicle, and showing Defendant as the only lien holder. (Id. at 5) Plaintiff also attaches a Raleigh County personal property tax statement in his name with a description of the 2014 Nissan Maxima, VIN 1N4AA5AP7EC484951, a value listed at 8,730, with $127.37 due for the first half as of January 22, 2019, and $331.32 due if paid in December 2019. (Id. at 6)

### Defendant's Reply

Because Plaintiff's response does not refute the fact that "identity theft fraud" does not support federal question jurisdiction or that the statute of limitations had been tolled, the Complaint should be dismissed. (ECF No. 12)

### Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

The required "short and plain statement" must provide " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), *overruled on other grounds*, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Application of the Rule 12(b)(6) standard also requires that the court " 'accept as true all of the factual allegations contained in the complaint....' " Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to

4

"draw[ ] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## Federal Question Jurisdiction

Although Plaintiff checked the box in the form complaint that the basis for this Court's jurisdiction is federal question, Plaintiff's claim concerns identity theft/fraud, allegedly committed by Defendant when it financed a vehicle using Plaintiff's personal information. To that extent, Plaintiff has alleged that Defendant committed the crime of identity theft and/or fraud, thus implicating 18 U.S.C. § 1028, which does not provide a civil cause of action. See Blackstock v. Walgreens, 2017 WL 4174767, at *2 (D.S.C. Sept. 1, 2017) (citing Garay v. U.S. Bancorp, 303 F.Supp.2d 299 (E.D.N.Y. 2004); Razzi v. Nimler, 2014 WL 5038337 (M.D. Fla. Sept. 12, 2014); Lucas-Cooper v. Palmetto GBA, 2006 WL 2583407 (N.D. Ohio 2006); Booth v. Equifax Credit Information Services, Inc., 2001 WL 34736212 (D. Or. 2001); Burroughs v. Burroughs, 2011 WL 5024180, at *2 (Sept. 30, 2011), *report and recommendation adopted*, 2011 WL 5024169 (D.S.C. Oct. 20, 2011)). In any event, Plaintiff does not indicate whether he notified law enforcement of the alleged crime.

Further, even though Plaintiff alleges that he repeatedly advised Defendant that he never took out a loan for the vehicle and that the debt as it related to the alleged fraudulent loan was not his responsibility, Plaintiff does not allege that Defendant made any attempt to collect this debt from Plaintiff that would implicate the application of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962p, to the extent that Defendant engaged in prohibited collection practices by collecting on the vehicle loan. See generally, Henson v. Santander Consumer USA, Inc., 817 F.3d 131 (4th Cir. 2016) (consumer complaint dismissed where it failed to allege facts demonstrating Santander was acting as a "debt collector" as defined in the Act).

It is noted that Plaintiff has alleged that as a result of this alleged fraudulent loan, all three

credit reporting agencies, Equifax, Experian, and Trans Union, placed a negative status on his credit history report, however, Plaintiff has not indicated that he contacted any of these agencies to correct the error or otherwise informed them of the alleged fraud. Similarly, Plaintiff does not state whether he contacted the taxing authority for Raleigh County, West Virginia or the West Virginia Division of Motor Vehicles to correct this erroneous information. Thus, to the extent that Plaintiff is alleging a variety of defamation due to the false information furnished to a credit reporting agency on the basis that Defendant committed identity theft fraud, such claims would be preempted by the Fair Credit Reporting Act ("FCRA"). See White v. Green Tree Servicing, LLC, 118 F.Supp.3d 867, 872 (D.Md. Aug. 4, 2015) (citing Ross v. F.D.I.C., 625 F.3d 808, 813 (4th Cir. 2010)) Moreover, as Plaintiff has explicitly alleged fraud as the basis for his Complaint, this is a state-law-based claim for which this Court should not exercise its supplemental jurisdiction given that there is no plausible federal claim. Cole v. Montgomery, 2015 WL 5965296, at *5 (Apr. 16, 2015), *report and recommendation adopted as modified*, 2015 WL 5965277 (D.S.C. Oct. 13, 2015).

On the other hand, Plaintiff has also alleged that Defendant has done nothing to correct the information reported to the three credit reporting agencies despite Plaintiff having "immediately informed" Defendant that he did not approve of the loan and "many times after" (ECF No. 11 at 2), thus, it appears that Plaintiff's claim to that extent shows that Defendant is liable to Plaintiff as a violation of the FCRA prohibition against furnishing information to any consumer reporting agency it knows to be inaccurate. See 15 U.S.C. § 1681s-2(b)(1).

Accordingly, from a liberal reading of Plaintiff's Complaint and accompanying allegations, his claim against Defendant to the extent that it willfully or knowingly failed to comply with the accuracy reporting duties under the FCRA does involve a federal question, over which this Court

enjoys jurisdiction.

## Statute of Limitations

Assuming Plaintiff's claim concerning Defendant's alleged failure to correct or accurately inform any consumer reporting agency of Plaintiff's dispute is properly couched under federal question jurisdiction pursuant to the FCRA, it is necessary to explore Section 1681p of the Act, which provides the applicable statute of limitations:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, ***not later than the earlier of***—
> **(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> **(2)** 5 years after the date on which the violation that is the basis for such liability occurs.

(***emphasis*** added) Plaintiff has explicitly stated that he advised Defendant of the disputed vehicle loan three months after the September 25, 2015 transaction (ECF No. 2 at 6). Plaintiff has further explained that he "immediately" requested "to have this adverse information" removed from his records maintained by the Raleigh County taxing authority, by the West Virginia Division of Motor Vehicles, as well as by the three credit reporting agencies to no avail since then (ECF No. 11 at 2). From these allegations, it appears that at the latest, Plaintiff discovered the alleged violation sometime in December 2015. Given the two-year statute of limitations governing suits based on FCRA violations, Plaintiff had to file this cause of action no later than December 2017. See also, TRW Inc. v. Andrews, 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). Because Plaintiff discovered Defendant's alleged wrongdoing sometime in December 2015, the earlier statute of limitations applies to his claim – he had two years from the time of his discovery to file his lawsuit. Accordingly, since Plaintiff did not file suit until November 2019, the statute of limitations had run, therefore, any claim Plaintiff had as it related to FCRA violations is time-

.
.

barred.[2]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant's ***Motion to Dismiss*** (ECF No. 8) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Volk and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro*

---

[2] Although the undersigned was unable to find any supporting law or caselaw that would allow Plaintiff's claim to proceed given the application of the earlier two-year statute of limitations based on Plaintiff's own diligence in discovering the alleged violation of the FRCA, there is nothing that prohibits Plaintiff notifying the creditor anew of the inaccurate information and then if the creditor fails to comply with the mandates of the FRCA, instituting a new cause of action, within the applicable statute of limitations, under FRCA for the newest failure to investigate and/or correct the error. See 15 U.S.C. §§ 1681(b), 1681i(a)(2); see generally, Saunders v. Branch Banking And Trust Co. of VA, 526 F.3d 142, 147-148 (4th Cir. 2008).

8

*se*, and to counsel of record.

    ENTER: January 21, 2020.

Omar J. Aboulhosn
United States Magistrate Judge